PHOENIX HARDWARE COMPANY, complainant-respondent,

*v.*

PARAGON PAINT AND VARNISH CORPORATION, defendant-appellant.

[Submitted February term, 1937.   Decided April 30th, 1937.]

*Mr. Max L. Rosenstein,* for the complainant-respondent.

*Mr. Merritt Lane* and *Mr. Mortimer Eisner,* for the defendant-appellant.

PER CURIAM.

The appellant appeals from a decree directing discovery and an accounting and also from an order denying petition to reopen the decree in question and take further proofs.

The parties had signed a contract wherein the complainant agreed to act as sole distributor of some of the defendant's products, for which compensation was to be paid in the form of commissions on sales made. The bill of complaint charged that the contract had been violated by the defendant, and the learned vice-chancellor found that it had been and awarded appropriate relief.

It is first argued that the contract itself is not binding because it is to be effective "for so long as both the parties remain in corporate existence," and because it lacks mutuality. Nothing in the answer suggests that the defendant below relied upon either point as a defense. We find in the record certain excerpts from the certificate of incorporation of each of the corporate parties showing the character of business each company intended to engage in and that the intended duration was perpetual. These were received in evidence on November 6th, 1935, over objection, although the final hearing had, since May 22d, 1935, been concluded. The respondent argues that this issue (*i. e.*, that the contract is to continue for an indefinite time and therefore is invalid) not being in the pleadings, should not be considered. The point, in our view, is not important. Contracts made for the period of the corporate existence of the parties are not necessarily unreasonable. Corporations retain such existence only so long as they desire to retain it. It is also argued that the agreement lacked mutuality. This is not so. What is meant is that the complainant had the privilege of ending the contract, on notice, while the defendant had not the same right, or, stated in another way, that the obligations of the parties were not commensurate. Such mutual covenants need not be co-extensive. *Central Trust Co.* v. *Chicago Auditorium Assn., 240 U. S. 581; McCall Co.* v. *Wright, 133 App. Div. 62; 198 N. Y. 143; Realty Adv., &c., Co.* v. *Englebert Tyre Co., 151 N. Y. S. 885.* Again these parties, business concerns, agreed upon this element of the contract and it suited them. Certainly we may not say it was unreasonable.

It is further argued, though the court came to the opposite conclusion, that the complainant itself breached the agree-

ment in several particulars. These points are without substance. We are in accord with the conclusions of the court below on this phase of the case.

As to the supplemental point—that the court erred in declining to reopen its decree because the defendant offered to submit newly discovered evidence—we think that the evidence was in fact not newly discovered but was available when the main case was tried.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.